is required in reviewing an appeal from a motion for a directed verdict, *Zsigo v Hurley Med Ctr*, 475 Mich 215, 220-221 (2006), I can only conclude that defendant's final communication with plaintiff's insurer exaggerated the actual facts as they then existed and that this communication contained unfounded and inaccurate information to the extent that defendant was no longer acting in good faith. Finally, I note that the amount of exemplary damages here seems extraordinarily excessive in light of the actual damages awarded. But, defendant has not raised any claim regarding the propriety or amount of such exemplary damages.

Jamil v Jahan, No. 137332; reported below: 280 Mich App 92.

People v Blackston, No. 137627; Court of Appeals No. 245099.

Markman, J. (*concurring*). For the reasons stated in my dissenting opinion in *People v Blackston*, 481 Mich 451 (2008), I continue to believe that the trial court abused its discretion here in excluding the recanting statements and that the error was not harmless. However, because this Court has already addressed this issue and my position did not prevail, and because I agree with the Court of Appeals that defendant's remaining issues are without merit, I concur in this Court's decision to now deny leave to appeal.

Kelly, C.J. I join the statement of Justice Markman.

People v Kircher, No. 137652; Court of Appeals No. 275215.

Markman, J. (*dissenting*). I would grant leave to appeal to consider whether the sentencing guidelines apply to MCL 324.3115(4). On the one hand, MCL 777.13c states that the guidelines apply to specifically listed felonies, including the offense specified in MCL 324.3115(4), which suggests that the guidelines *are* applicable and that a conviction under § 3115(4) carries a five-year *indeterminate* maximum sentence. On the other hand, MCL 324.3115(4) states that the trial court "shall" impose a five-year term of imprisonment, which apparently communicates a *determinate* sentence, thereby rendering the guidelines inapplicable pursuant to MCL 769.34(5). Moreover, whether MCL 324.3115(4) effectively imposes a determinate sentence for purposes of MCL 769.34(5) is placed into issue by the Legislature's use of substantially more definite language in other criminal statutes imposing determinate sentences, e.g., MCL 750.227b (possession of a firearm during the commission of a felony) (the defendant "shall" be sentenced to a "mandatory term" that "shall not be suspended" and the defendant is "not eligible for parole"); MCL 750.316(1) and MCL 791.234(6) (murder) (the defendant "shall be punished by imprisonment for life" and is "not eligible for parole"); MCL 750.543f(2) (terrorism) (the defendant "shall" be punished by imprisonment for life "without eligibility for parole"). Because of the substantial consequences for defendant's term of incarceration, I would grant leave to appeal to address this issue.

Kelly, C.J., and Cavanagh, J. We join the statement of Justice Markman.

Powers v Post-Newsweek Stations, No. 138114; Court of Appeals No. 288582.